IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | |
|---|---|
| EDDIE A. NUNNELLEY, JR., PRO SE, § | |
| TDCJ-CID No. 1186691, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:06-CV-0176 |
| § | |
| TEXAS DEPARTMENT OF § | |
|   CRIMINAL JUSTICE, § | |
| C. BELL, Warden, § | |
| NFN MARTINEZ, Captain, § | |
| TEXAS TECH INSTITUTIONAL § | |
|   HEALTHCARE PROVIDER, and § | |
| NFN BASSE, Dr., § | |
| NATHANIEL QUARTERMAN, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff EDDIE A. NUNNELLEY, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. The Court notes plaintiff dropped defendants TEXAS DEPARTMENT OF CRIMINAL JUSTICE and TEXAS TECH INSTITUTIONAL HEALTHCARE PROVIDER from his December 14, 2006 Amended Complaint. Further, in that same pleading, plaintiff altered the spelling of defendant Dr. BASSEY's name to Dr. BASSE, and added a new defendant, NATHANIEL QUARTERMAN.

By his December 14, 2006 Amended Complaint, plaintiff claims he has been harmed by defendant Dr. BASSE's failure or refusal to impose restrictions on plaintiff's work activities. Plaintiff contends before his incarceration he was diagnosed with degenerative disc disease and

assessed a 25% disability. Plaintiff says he received work restrictions while at the Gurney Unit which were not retained when he was transferred to the Neal Unit. Further, he argues, defendant BASSE prescribes up to 1,000 mg. Naproxen per day for pain relief instead of limiting plaintiff's physical activity and treating plaintiff with glucosamine and chondroitin.

Plaintiff claims defendant BELL, Warden at the Neal Unit, has not satisfactorily resolved plaintiff's complaints concerning Dr. BASSE's medical treatment or plaintiff's many other complaints concerning his schedule for law library privileges and attendant sleep deprivation, his pain at work as a food service counter attendant, and the fact that plaintiff does not earn more goodtime for working forty hours a week than other inmates of the same classification earn for working fewer or even no hours.

Plaintiff claims defendant MARTINEZ knows of plaintiff's medical problems but does not alter plaintiff's duties or routine to help relieve plaintiff's pain and has employed "retaliatory tactics" such as writing false disciplinary cases against plaintiff and "resort[ing] to unauthorized physical contact with plaintiff."

Lastly, plaintiff claims defendant QUARTERMAN, as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, "promotes the policies which are causing the inequality between plaintiff and 'other' inmates concerning actual hours worked to work time earned."

Plaintiff requests prison officials be ordered to grant him library time of at least ten hours per week at a session other than the first session; Dr. BASSE be ordered to provide work restrictions and treatment with glucosamine sulfate with chondroitin; MARTINEZ be ordered to treat plaintiff with respect, stop retaliating, and stop forcing plaintiff to stand and perform redundant tasks the

entire shift; Warden BELL be ordered to guarantee that plaintiff will no longer "be subject to work for MARTINEZ;" and that plaintiff be compensated with cash or work time credits for his past and present work over and above that of other inmates of the same classification. Plaintiff also requests nominal, compensatory, and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff's disagreement with Dr. BASSE's refusal or failure to continue his work restrictions, his complaint that no MRI or X-ray has been ordered by Dr. BASSE, and his disagreement with Dr. BASSE's prescription of Naproxen for pain relief instead of limiting physical activity and prescribing glucosamine chondroitin do not support a claim that defendant Dr. BASSE knows of a substantial risk to plaintiff's health and is doing nothing to treat it, that is, that he is deliberately indifferent to plaintiff's serious medical needs. Instead, plaintiff has received treatment with which he disagrees or feels is not optimal. Assuming the truth of plaintiff's allegations and that he is correct in his medical judgment, plaintiff's allegations support, at most, a claim of medical negligence, if that. Even the fact that Dr. BASSE may disagree with a physician at the Gurney Unit concerning plaintiff's present need for limitations does not bring plaintiff's claim within the ambit of Eighth Amendment protections. Plaintiff has failed to state a claim of deliberate indifference by

defendant BASSE and any claim of medical negligence pursued under section 1983 lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, plaintiff's claim against defendant MARTINEZ is that he knows of plaintiff's medical problems but has not sufficiently accommodated plaintiff to provide a pain-free work environment. Plaintiff does not allege defendant MARTINEZ has forced plaintiff to work in violation of any physician-imposed work restrictions, but that he has forced plaintiff to work in violation of plaintiff's assessment of his own condition. Plaintiff's medical opinion is not sufficient to give MARTINEZ knowledge of a substantial risk of serious harm to plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). Plaintiff has failed to state a claim against defendant MARTINEZ of deliberate indifference to plaintiff's serious medical need. Further, although plaintiff alleges defendant MARTINEZ has written several false disciplinary cases against plaintiff as a "retaliatory tactic," this allegation, alone, in not sufficient to state a claim of retaliation in that he has not identified a specific constitutional right the exercise of which triggered the alleged retaliatory conduct. To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff's allegations against defendant MARTINEZ fail to state a claim of retaliation on which relief can be granted.

Plaintiff claims defendant QUARTERMAN has implemented a policy which results in uneven accumulation of work time among inmates of the same classification level, that is, that some inmates don't work at all or work only part time and earn as much work credit as plaintiff earns for working a forty-hour week.  To state a claim under the Equal Protection Clause, a section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class or due to an irrational or arbitrary state classification unrelated to a legitimate state objective.  *Washington v. Davis*, 426 U.S. 229, 247-48, 96 S.Ct. 2040, 2051-52, 48 L.Ed.2d 597 (1976); *Stern v. Tarrant County Hospital District*, 778 F.2d 1052 (5th Cir. 1985), *cert.denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986).  Plaintiff's allegation that work credits within a classification are not related to work time points to a claim based on arbitrary state classification unrelated to a legitimate state objective.  While the general rule is that "persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985), plaintiff's allegations do not show the inmates with varying work credits are all similarly situated.

Inmate good time credits are based primarily on the statute in effect when the offense was committed, the inmate's classification level, maintenance of a good disciplinary record, and compliance with work or school assignments or completion of rehabilitative programs.  Further, even inmates accumulating goodtime under the same statute may have different abilities and medically-determined limitations.  Plaintiff's allegations do not show that he and the other inmates he has observed who work less than he does but receive the same time credits are similarly-situated. Plaintiff has utterly failed to state an Equal Protection claim with respect to his accumulation of work credits and, therefore, has failed to state a claim against defendant QUARTERMAN.

Concerning plaintiff's claim that he only gets four hours of sleep on the nights preceding attendance at his 3:00 a.m. to 5:00 a.m. law library sessions, plaintiff has failed to show this constitutes a violation of his Eighth Amendment rights. A prisoner asserting a claim that conditions of confinement constitute cruel and unusual punishment must show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Plaintiff does not identify which defendant, if any of those named, is responsible for his assigned law library schedule.

Even if one of the named defendants is responsible for the schedule and plaintiff's alleged resulting sleep deprivation, a conditions of confinement claim rises to the Eighth Amendment level of cruel and unusual punishment when it results in deprivation of the "minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Accepting plaintiff's allegations as true, it is clear he would be more comfortable and possibly more productive at another time of day, but this does not elevate his claim to a constitutional level. Plaintiff has failed to allege an Eighth Amendment claim of sleep deprivation.

Additionally, plaintiff has not stated a claim of First Amendment deprivation of access to courts as he has not identified any actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

Plaintiff's claim against defendant BELL is that he hasn't satisfactorily resolved plaintiff's complaints concerning his job assignment, his law library schedule and alleged sleep deprivation, and his accumulation of work time credits. The Court notes plaintiff's own Exhibit D, submitted

with plaintiff's Amended Complaint, demonstrates defendant BELL considered plaintiff's schedule complaints, as conveyed by plaintiff's mother, and arranged that plaintiff's work shift be changed and that plaintiff be reviewed by the medical staff to evaluate any need for work restrictions and reviewed by the Education Department for eligibility in the Computer Course.  The facts presented by plaintiff fail to state a claim of any sort against defendant BELL.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff EDDIE A. NUNNELLEY, JR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  29th  day of January, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE